UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CHARLES J. SIGERSETH, and
CALVIN L. AVILA,

        Defendants.

NO.  CR-S-05-139 WBS

ORDER

----oo0oo----

        Defendant Sigerseth has filed a motion, in which defendant Avila joins, to dismiss the indictment.  The issue presented is whether an indictment charging conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and attempted tax evasion in violation of 26 U.S.C. § 7201 must contain an allegation that valid assessments were issued by the Internal Revenue Service ("I.R.S.") pursuant to the applicable provisions of the Internal Revenue Code and Regulations.  The court concludes that the indictment need not contain such an allegation.

///

DISCUSSION

I. <u>The Charges</u>

In Count One of the Indictment, both defendants are charged with Conspiracy to Defraud the United States by impairing, impeding and obstructing the I.R.S. from collecting taxes owed by defendant Sigerseth for the calendar years 1995 and 1996, by concealing defendant Sigerseth's income and assets from the I.R.S., in violation of 18 U.S.C. § 371  In Count Two, defendant Segerseth is charged with attempting to evade and defeat the federal income tax due and owing by him and the Segerseth Insurance Business, and the payment thereof, to the United States for the calendar year of 1995, in violation of 26 U.S.C. § 7201; and in Count Three, defendant Avila is charged with aiding and abetting in that offense.  In Count Three, defendant Sigerseth is charged with attempting to evade and defeat the federal income tax due and owing by him and the Segerseth Insurance Business, and the payment thereof, to the United States for the calendar year of 1996, in violation of 26 U.S.C. § 7201; and in Count Five, defendant Avila is charged with aiding and abetting in that offense.

II. <u>Standard of Review</u>

An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1).  "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." <u>United States v. Rodriquez</u>, 360 F.3d 949, 958

(9th Cir. 2004); see United States v. Lane, 765 F.2d 1376, 1380 (9th Cir. 1985).

III. Elements for Conspiracy to Defraud the United States

"To convict someone under 18 U.S.C. § 371 [for a conspiracy to defraud the United States] the government need only show (1) he entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." United States v. Caldwell, 989 F.2d 1056, 1058 (9th Cir. 1993).

IV. Elements for Tax Evasion

The relevant portion of 26 U.S.C. § 7201 provides that: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall [be guilty of a felony]." To prove a violation of 26 U.S.C. § 7201, the government must show: (1) the existence of a tax deficiency, (2) willfulness, and (3) an affirmative act constituting an evasion or an attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351 (1965); United States v. Voorhies, 658 F.2d 710, 714 (9th Cir. 1981).

V. Sufficiency of the Indictment

Count One of the Indictment contains a detailed introduction, background, and description of the conspiracy, its objects, and the manner and means by which it was to be accomplished, followed by a recitation of eighteen overt acts allegedly committed in furtherance of the conspiracy. Counts Two through Five incorporate the allegations of Count One and set forth the dates of the alleged substantive violations. Each

3

count of the indictment sets forth the elements of the crime charged in that count and contains more than enough information to inform the defendants of the offense charged and to ensure their right not to be placed in double jeopardy.

Defendants argue that the indictment is defective because it does not plead that the I.R.S. issued valid assessments, because if assessments were not properly issued, no tax liabilities arose for which defendants could have conspired to obstruct or attempted to evade.  Specifically, defendants point out that in order for there to be a legally collectible tax liability, the I.R.S. must impose a proper "assessment," citing <u>Bull v. United States</u>, 295 U.S. 247, 259 (1935), and that section 6201(a)(1) of the Internal Revenue Code provides that "[t]he Secretary <u>shall</u> assess all taxes determined by the taxpayer or by the Secretary as to which returns . . . are made under this title" (emphasis added).

What defendants' arguments miss is that the rules pertaining to the administrative assessment of tax liability deal with the prerequisites for bringing a <u>civil</u> action to collect the taxes due.  They are not prerequisites to bringing a <u>criminal</u> prosecution for either conspiracy or attempt to evade the payment of taxes.  <u>See</u> <u>United States v. Voorhies</u>, 658 F.2d 710, 714 (9th Cir. 1981)("The filing of an administrative assessment record is not required before a criminal prosecution may be instituted . . . for failure to report or pay income tax.")  <u>See</u> <u>also</u> <u>United States v. Kelley</u>, 539 F.2d 1199, 1203-04 (9th Cir. 1976).

///

Defendants attempt to distinguish <u>Voorhies</u> and other cases cited by the government on the ground that in all of those cases but one the defendants had failed to file tax returns, whereas in this case defendant Segerseth did file a tax return and litigated his civil tax liability in the Tax Court.  Neither the language nor the reasoning in <u>Voorhies</u> or the other cases cited, however, suggest that their holdings are limited to cases in which the taxpayers failed to file tax returns.  Accordingly, the court concludes that <u>Vorhies</u> and <u>Kelley</u> are controlling in this case.

Because the court concludes that the government need not prove an administrative assessment as an element of any of the charges of the indictment in this case, failure to allege the filing of such an assessment does not render the indictment defective.[1]

IT IS THEREFORE ORDERED that defendants' motion to dismiss the indictment be, and the same hereby is, DENIED.

DATED:  November 30, 2005

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] At oral argument on the motion, the United States Attorney represented that, although it is not alleged in the indictment and need not be proved at trial, in fact a valid administrative assessment record was filed.

5