UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHARLES J. SIGERSETH,<br><br>       Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA. | CASE NO. 2:05-CR-00139 WBS<br><br>MEMORANDUM AND ORDER RE:<br>MOTION TO VACATE, SET ASIDE OR<br>CORRECT SENTENCE PURSUANT TO<br>28 U.S.C. § 2255 |

----oo0oo----

Following his indictment, trial, and conviction on charges of conspiracy to defraud the United States pursuant to 18 U.S.C. § 371 and attempted tax evasion pursuant to 26 U.S.C. § 7201, and an affirming appeal, United States v. Sigerseth, 304 Fed. Appx. 498 (9th Cir. 2008), Charles J. Sigerseth filed the instant motion to vacate, set aside or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. (Docket No. 174.)

I.    Factual and Procedural Background

On April 6, 2005, the government indicted defendant and charged him with conspiracy to defraud the United States pursuant

1

to 18 U.S.C. § 371 and two counts of attempted tax evasion pursuant to 26 U.S.C. § 7201. (Docket No. 1.) On February 9, 2006, a superseding indictment was filed that included the same charges. (Docket No. 61.) On June 30, 2006, defendant was found guilty on all counts. (Docket No. 109.) On December 13, 2006, he was sentenced to 63 months imprisonment. (Docket No. 127.) On appeal, the Ninth Circuit affirmed the jury's verdict. Sigerseth, 304 Fed. Appx. 498.

Defendant avers that his appellate counsel was ineffective because appellate counsel did not raise the following challenges on direct appeal: (1) the statute of limitations barred prosecution; (2) the tax court decision of June 21, 2001 had a res judicata effect as to his criminal prosecution; (3) the original indictment was defective because it did not allege that defendant filed false tax returns; (4) jury instruction 15 constructively amended the indictment by adding the criminal charge of filing false tax returns; (5) the original indictment was defective because there had been no formal assessment of tax owed; (6) jury instruction 23 was wrong to inform the jury that a tax obligation arises from law rather than from a tax assessment; (7) jury instructions 18, 20, 21 and 22 constructively amended the charges in the indictment by adding elements to the charges not alleged in the indictment, and also the jury instructions referred to the trust entities, which are legal entities distinct from defendant; (8) the prosecutor presented false evidence of defendant's tax deficiency; (9) increasing defendant's sentence by a two point obstruction of justice factor violated Apprendi v. New Jersey, 530 U.S. 466 (2000); and (10) the base offense level

2

under the sentencing guidelines was improperly determined by the court under Apprendi. (Mot. to Vacate (Docket No. 174) 19.) Defendant also attempts to raise these claims independently of his ineffective assistance of counsel claim.

## II. Discussion

A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal and a federal prisoner may not use it as a vehicle to circumvent decisions made by the appellate court. Grounds for relief under § 2255 are narrower than grounds for relief on direct appeal. See United States v. Addonizio, 442 U.S. 178, 184-85 (1979) ("The question in this case is whether an error has occurred that . . . come[s] within those narrow limits."). On direct appeal a defendant can complain of any harmful error committed in the district court, but in order to prevail under § 2255, "a prisoner in custody under sentence for a federal crime must demonstrate one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." United States v. Clark, 781 F.2d 730, 732 (9th Cir. 1986). A collateral attack based on a claim of ineffective assistance of appellate counsel is appropriate under a § 2255 motion. United States v. McKenna, 327 F.3d 830, 845 (9th Cir. 2003). If counsel failed to raise meritorious claims that would have resulted in defendant's conviction being overturned, then defendant has suffered a Sixth Amendment violation and should be permitted to raise those claims.

3

A.   <u>Ineffective Assistance of Counsel</u>

Defendant argues that his counsel, Mr. Morris, was ineffective for failing to raise the claims enumerated above. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) that the deficient performance rendered the results of his trial unreliable or fundamentally unfair." <u>Cox</u>, 588 F.3d at 1046. The Supreme Court has recognized that a defendant arguing ineffective assistance of counsel "must satisfy both prongs of [this] test in order to prevail." <u>Smith v. Robbins</u>, 528 U.S. 259, 289 (2000).

Counsel fails to meet an objective standard of reasonableness when the behavior complained of falls below "prevailing professional norms." <u>United States v. McMullen</u>, 98 F.3d 1155, 1158 (9th Cir. 1996). However, in

> analyzing the performance of counsel, judicial scrutiny is deferential. The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The burden is on petitioner to identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

<u>Cox</u>, 588 F.3d at 1046. Counsel is not required to raise every nonfrivolous issue requested by a defendant. <u>United States v. Baker</u>, 256 F.3d 855, 862 (9th Cir. 2001). Indeed, "the weeding out of weaker issues is widely recognized as one of the hallmarks of effective . . . advocacy." <u>Id.</u> Appellate counsel's failure to raise a meritless issue does not amount to ineffective assistance of counsel because the omission did not render those

results unreliable or unfair.  Cox, 588 F.3d at 1046.

To demonstrate that a proceeding's outcome was unreliable or unfair, defendant must prove that "there is a reasonable probability that, absent [counsel's] errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances" warranted a different outcome in his case.  Strickland, 466 U.S. at 695.  In determining if defendant was prejudiced, the court must consider the totality of the evidence before it.  Id.  Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, the court in making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.  Id.

Nothing suggests that defendant's counsel failed to meet "prevailing professional norms."  Strickland, 466 U.S. at 694.  It was within appellate counsel's discretion to decline to bring even non-frivolous claims that defendant proposed if counsel felt that they were not defendant's strongest arguments. Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989).  Nor is there any evidence that "but for counsel's unprofessional errors, [defendant] would have prevailed on appeal."  Id.  Because defendant's claims were meritless, counsel's failure to raise them could not have affected the proceeding's outcome.

The court considers the merits of each of defendant's claims in order to determine whether they are meritorious and whether counsel was ineffective in failing to raise them.  A finding that these claims are meritless will also of course

dispose of the claims to the extent that they are raised independently of the ineffective assistance of counsel claim.

    2.   <u>Statue of Limitations</u>

Defendant argues that he was charged with three offenses--filing false tax returns, conspiracy, and attempted tax evasion--after the statute of limitations had expired and that prosecution of these offenses is therefore time barred. (Mot. to Vacate 35.) Defendant was charged with conspiracy to defraud the United States pursuant to 18 U.S.C. § 371 in Count 1 and with attempted tax evasion pursuant to 26 U.S.C. § 7201 in Counts 2 and 4. (Docket No. 1.) He was not charged with filing false tax returns, and therefore his statute of limitations claim based on that supposed charge must fail. (Docket No. 1.)

The statute of limitations for conspiracy to defraud the United States and attempted tax evasion are both six years. 26 U.S.C. § 6351 ("The period of limitation shall be 6 years . . . for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not [and] for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof."). The statute of limitations for evasion begins to run from the occurrence of the last act necessary to complete the offense, normally a tax deficiency. <u>United States v. Carlson</u>, 235 F.3d 466, 470 (9th Cir. 2000); <u>see</u> <u>United States v. Sabo</u>, No. 2:07-cr-00081, 2008 U.S. Dist. LEXIS 105668, at *5 (D. Nev. Sept. 8, 2008) (stating that the "last act" often occurs on April 15 of a given year, when tax returns are due).

Even if the taxes themselves were due and payable more

than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion. United States v. DeTar, 832 F.2d 1110, 1113 (9th Cir. 1987). In this case the original indictment was filed on April 6, 2005. (Docket No. 1.) Among the overt acts alleged in the indictment and proven at trial were the opening of new bank accounts for defendant's trust entities using fictitious taxpayer identification numbers in June of 2001. (Docket Nos. 61, 109.) Since the filing of the original indictment was within four years of these affirmative acts of evasion, it was well within the applicable six year statute of limitations. The superseding indictment upon which the trial was based did not change the statutory violations alleged, so the statute continued to be tolled from the date of the original indictment. United States v. Madrid, 842 F.2d 1090 (9th Cir. 1988).

        3.    Res Judicata

        Defendant brought a case in tax court in 2001 challenging the Commissioner of Internal Revenue's ("Commissioner's") determination that he owed taxes and penalties. Sigerseth v. Comm'r, 81 T.C.M. (CCH) 1792 (2001). The Commissioner moved to dismiss defendant's claims for failure to prosecute. Id. at *1. This motion was granted as a motion for partial summary judgment. Id. at *10. Defendant now argues that the tax court's findings have res judicata effect as to the government's ensuing criminal prosecution of him for conspiracy to defraud the government and for tax evasion. (Mot. to Vacate 28.)

Res judicata, also known as claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action. Stewart v. United States Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Res judicata applies when there is: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. Id. at 956.

Although the doctrine of res judicata does "bar subsequent litigation between the same parties on identical claims that have previously been decided by the tax court, it has no application where the legal matters raised in the second case differ from those determined in the earlier case." Morse v. United States, 494 F.2d 876, 879 (9th Cir. 1974) (citing Comm'r v. Sunnen, 333 U.S. 591, 600 (1948)). Here, the tax court action dealt with the issue of whether the Commissioner had incorrectly found that defendant owed taxes and penalties. Sigerseth, 81 T.C.M. (CCH) 1792. The criminal action addressed the issue of whether defendant was guilty of conspiracy to defraud the United States and attempted tax evasion. Sigerseth, 304 Fed. Appx. 498. The claims and legal matters at issue in the two proceedings were not identical.

4. Defective Indictment

Defendant claims that the indictment was defective because it did not allege the element of filing false tax returns. (Mot. to Vacate 35.) Again, defendant was never charged with filing false tax returns but rather with conspiracy to defraud the United States, 18 U.S.C. § 371, in Count 1 and with attempted tax evasion, 26 U.S.C. § 7201, in Counts 2 and 4. (Docket No. 1.) In response to a motion by defendant to dismiss

8

the indictment, this court expressly found the indictment sufficient. See United States v. Sigerseth, No. 05-139, 2005 U.S. Dist. LEXIS 40515, at *3-4 (E.D. Cal. Nov. 30, 2005) (setting forth the elements of tax evasion in violation of 26 U.S.C. § 7201 and finding that the indictment sufficiently alleged the required elements). The essential elements of conspiracy are "an agreement to accomplish an illegal objective, coupled with one or more overt acts in furtherance of the illegal purpose and the requisite intent necessary to commit the underlying substantive offense." United States v. Kiriki, 756 F.2d 1449, 1453 (9th Cir. 1985). The elements of attempted tax evasion are willfulness, the existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351 (1965). The indictment sufficiently alleged these elements. Accordingly, defendant's claim fails.

       5.    Constructive Amendment (Jury Instruction 15)

       Defendant claims that jury instruction 15 constructively amended the indictment by adding the criminal charge of filing false tax returns (Mot. to Vacate 23). Constructive amendment occurs when the charging terms of an indictment are altered, either literally or in effect, by prosecution or the court after the grand jury has last passed on them. United States v. Freeman, 498 F.3d 893, 907 (9th Cir. 2007). A prohibition on constructive amendment exists to preserve the defendant's Fifth Amendment right to indictment by grand jury and Sixth Amendment rights against re-prosecution for the same offense and to be informed of the charges against him.

9

Id. at 907.

Defendant's constructive amendment argument is flawed because jury instruction 15 merely set forth the elements of tax evasion. It read:

> Defendant Charles Sigerseth is separately charged in Counts Two and Four of the indictment with income tax evasion for the tax years 1995 and 1996, respectively, in violation of Section 7201 of Title 26 of the United States Code. In order for the defendant to be found guilty of each of these charges, the government must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant owed more federal income tax for the calendar year 1995 as to Count Two, and for the calendar year 1996 as to Count Four, than was declared due on the defendant's respective 1995 and 1996 income tax returns;
>
> Second, that the defendant knew that more federal income tax was owed than was declared as due on the defendant's 1995 and 1996 income tax return;
>
> Third, that the defendant made an affirmative attempt to evade or defeat an income tax; and
>
> Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

(Docket No. 106.) This is a plain statement of the elements for tax evasion; such a statement does not constructively amend the indictment. See United States v. Mitchell, 744 F.2d 701, 704 (9th Cir. 1984) ("A constructive amendment will not be found if the instructions adequately set out the elements of the offense charged.")

    6.    <u>No Tax Deficiency Absent Assessment</u>

Defendant reasserts the flawed argument he has repeatedly made throughout these proceedings that because the indictment did not include a valid assessment of his tax owed, it could not have alleged the essential elements of conspiracy to

10

defraud the government of the United States and tax evasion. (Mot. to Vacate 28.)

In response to defendant's motion to dismiss the indictment, this court previously held "that the government need not prove an administrative assessment as an element of any of the charges of the indictment in this case." Sigerseth, 2005 U.S. Dist. LEXIS 40515, at *6.  That decision was affirmed and addressed specifically by the Court of Appeals in its memorandum decision.  Sigerseth, 304 Fed. Appx. at 498 ("The filing of an administrative assessment record is not required before a criminal prosecution may be instituted under 26 U.S.C. § 7201-07 (1976) for failure to report or pay income tax.") (citing United States v. Voorhies, 658 F.2d 710, 714 (9th Cir. 1981)).  Because this issue has already been adjudicated by the Court of Appeals, it is inappropriate in a § 2255 motion.

7.   Constructive Amendment (Jury Instruction 23)

Defendant argues that jury instruction 23 constructively amended the indictment in its statement that a tax deficiency is imposed not by assessment but by operation of law. (Mot. to Vacate 3.)  The jury instruction sets forth the substantive tax law applicable to the case; it does not constructively amend the indictment.  Sigerseth, 304 Fed. Appx at 498; see also Voorhies, 658 F.2d at 714.  Defendant's argument is rejected for the same reasons as discussed above.

8.   Constructive Amendment (Jury Instructions 18, 20, 21, and 22)

Defendant argues that jury instructions 18, 20, 21 and 22 constructively amended the charges, added elements not alleged

11

in the indictment, and concerned trust entities which were separate legal entities not charged in the indictment.

Instruction 18 defines tax evasion. (Docket No. 25.) Instruction 20 sets forth taxpayer responsibility for paying a trust's taxes. (Id.) Instruction 21 states the circumstances, according to the Internal Revenue Code, under which business or personal expenses are deductible. (Id.) Instruction 22 sets forth the law regarding when the trusts' charitable contributions are tax-deductible. (Id.) In short, these instructions informed the jury about tax law. They do not constructively amend the indictment. Mitchell, 744 F.2d at 704.

Defendant claims that he is not responsible for the trusts' tax returns because the trusts are unindicted, separate taxpayers. (Mot. to Vacate 3.) It is discouraging, and indeed pathetic, that defendant still doesn't seem to get it. After all this time and litigation, he still seems to cling to the childish fiction that put him into this trouble in the first place. "The use of family trusts . . . in a business is sufficient to establish an affirmative act of [tax] evasion." United States v. Boone, 951 F.2d 1526, 1541 (9th Cir. 1991) (citing United States v. DeTar, 832 F.2d 1110, 1114 (9th Cir. 1987)). The Sigerseth Family Trust and Sigerseth Insurance Group Trust were nothing but tools that defendant used to avoid paying his personal taxes. Accordingly, his constructive amendment claim must fail.

9.  Prosecutor Introduced False Evidence

Drawing on his previous argument that absent a valid assessment, no tax deficiency can exist, defendant further argues that an assessment would be the only legal measure of his tax

12

deficiency and that the government introduced false evidence when it relied on other deficiency figures during his criminal trial. (Mot. to Vacate 44.)

"The fact of a tax due and owing may be . . . established [at trial] by documentary evidence of tax liability, accompanied by a summary by an expert." Voorhies, 658 F.2d at 715; see United States v. Gardner, 611 F.2d 770, 775 (9th Cir. 1980). Because the government had to prove the charges against defendant beyond a reasonable doubt, it chose not to rely on the tax court figures, which it knew to be artificially high due to defendant's failure to report deductions before and during the tax court trial. The government instead calculated defendant's deficiency based on information provided on his tax returns and related to his various bank accounts. (Gov't Trial Ex. (Docket No. 103) 25-4, 25-5, 25-6.) The government was not required to use a figure taken from a formal assessment in its criminal case against defendant; documentary evidence does not constitute false evidence of defendant's tax deficiency. Voorhies, 658 F.2d at 715.

10. Defendant Not Responsible For Trusts

In his ninth claim, defendant again raises the same bogus argument that he is not responsible for the trusts' tax returns because the trusts are unindicted, separate taxpayers. This claim is rejected as discussed above.

11. No Tax Deficiency Absent Assessment and Apprendi Violation

In addition to his "lack of valid assessment" argument discussed above, defendant further avers that his sentence cannot

13

1  legally be increased for conduct not found by the grand jury,
2  alleged in the indictment, and found by the jury at trial.  Under
3  the Due Process Clause of the Fifth Amendment and the notice and
4  jury trial guarantees of the Sixth Amendment, any fact other than
5  a prior conviction that increases the maximum penalty for a crime
6  must be charged in an indictment, submitted to a jury, and proven
7  beyond a reasonable doubt.  Apprendi, 530 U.S. at 476.  Apprendi,
8  however, does not apply to sentence enhancements that remain
9  within the applicable statutory range.  United States v. Ochoa,
10 311 F.3d 1133, 1135 (9th Cir. 2002).  Defendant's sentence was
11 increased by a two point obstruction of justice sentencing factor
12 for perjury.  (Mot. to Vacate 3.)  His sentences of fifty-seven
13 concurrent and three consecutive months on count one, and sixty
14 concurrent months on both counts two and four, for a sixty-three month
15 total sentence, independently met the five-year statutory maximums
16 that governed his three counts of conviction.  (Docket No. 127.)
17 Moreover, at the time of defendant's sentencing the guidelines were
18 advisory, not mandatory, United States v. Booker, 543 U.S. 220, 245
19 (2005), so it would have been within the court's discretion to
20 increase defendant's sentence above the guideline range.
21         IT IS THEREFORE ORDERED THAT defendant's motion to vacate,
22 set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be,
23 and the same hereby is, DENIED.
24 DATED:  July 29, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE